*843 OPINION
PER CURIAM.
Ronald K. Miles, Gordon C. Miles, Kenneth Miles, Ernest L. Miles, Jr., and Joyce Cauley (collectively referred to as the “Plaintiffs”) appeal pro se from the order of the United States District Court for the District of New Jersey dismissing their § 1983 complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(1), (6).[1]
The Plaintiffs are siblings who inherited six contiguous properties (hereafter “Plaintiffs’ property”) in the Township of Barnegat (“Barnegat Township”), New Jersey, in January 2003. According to the Plaintiffs, Barnegat Township allegedly created public rights of way (Catherine Street and Cloverdale Road) on the Plaintiffs’ property, approved plans for water drainage from adjacent properties (the adult community developments known as “Pheasant Run” and Heritage Point South”), and granted easements to these private development corporations for water drainage onto the Plaintiffs’ property. From 1988 through 2004, the overflow from the detention basins flooded their property, creating a man-made wetland that has rendered the property “unbuilda-ble,” according to the Plaintiffs. The County of Ocean’s (“Ocean County”) underground storm water tunnels, which run through the Plaintiffs’ land, allegedly contributed to the flooding problem. The Plaintiffs say that the Pinelands Commission, which had previously declared the Plaintiffs’ property to be “buildable,” changed its position and declared that part of the property constituted a wetland. They also allege that the Department of Environmental Protection allowed some of the defendants to file fraudulent applications for the placement of wells on the Plaintiffs’ property.
The Plaintiffs believe that adjacent landowner defendants Deetz, Gerken, Bisigna-no, and Filardo placed wells on their property without their consent; fraudulently granted easements to the property to Verizon New Jersey, Connectiv (now known as “Atlantic County Electric Company”), and Comcast of New Jersey; and otherwise encroached on the Plaintiffs’ land. They alleged that Verizon, Connectiv, and Com-cast placed utility lines, cables, and telephone wires on their property without their consent; the surveyor defendants omitted or misstated key information from their respective surveys in an effort to diminish their property; and the engineering defendants encroached on their property by placing detention basins so close to the boundary that the water runoff caused their land to flood. The Defendants deny the Plaintiffs’ claims and dispute the boundaries of the Plaintiffs’ property.
In 2005, the Plaintiffs filed a twenty-six count § 1983 complaint alleging violations of their Fifth Amendment rights under the Takings Clause, violations of procedural due process, and a widespread § 1983 conspiracy involving all of the defendants to encroach on and diminish their property. In addition to the § 1983 claims, the Plaintiffs raised state-law claims, including, inter alia, a claim that the Township fraudulently changed the boundaries of their property on various Township maps. They sought damages.
Some of the Defendants filed answers to the Amended Complaint, and asserted *844 cross-claims against their co-Defendants for contribution and indemnification. After some discovery had transpired, most of the Defendants filed motions to dismiss, claiming that the District Court lacked subject-matter jurisdiction and that, in any event, the Plaintiffs failed to state a claim upon which relief could be granted. In March 2007, the Magistrate Judge allowed Plaintiffs’ counsel to withdraw from the case. The Plaintiffs filed pro se responses in opposition to the Defendants’ dismissal motions. They also requested permission to file a second amended complaint.
By order entered on January 7, 2008, 2008 WL 89910, the District Court granted the Defendants’ motions to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and dismissed the Plaintiffs Amended Complaint in its entirety as to all Defendants. The District Court ruled that it lacked jurisdiction to consider the Plaintiffs’ takings claims because they were unripe under Williamson County Reg’l Planning Comm’n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).[2] Assuming that a taking of their property had occurred, the District Court concluded that the Plaintiffs failed to avail themselves of New Jersey’s procedures for obtaining compensation pursuant to the Eminent Domain Act of 1971, N.J.S.A. § 20:3-1 et seq. The District Court dismissed under Rule 12(b)(6) the Plaintiffs’ claims alleging violations of procedural due process because New Jersey afforded them a full judicial mechanism with which to challenge the Township’s decision to build a road on their property. The District Court dismissed the remainder of the § 1983 claims for failure to state a plausible claim of state action with respect to the private party defendants. The District Court refused to exercise supplemental jurisdiction over the Plaintiffs’ state law claims and over the Defendants’ cross-claims. The Plaintiffs filed this timely appeal. ■
We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court’s dismissal on the grounds of ripeness and failure to state a claim upon which relief may be granted is plenary. Taylor Inv. v. Upper Darby Twp., 983 F.2d 1285, 1289 (3d Cir.1993) (ripeness); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999) (Rule 12(b)(6) failure to state a claim). A district court is not limited to the face of the pleadings in deciding a motion to dismiss a claim as unripe. See Taylor Inv., 983 F.2d at 1289 n. 7.
In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to “state a claim to relief that is plausible on its face.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard “asks for more than a sheer possibility that a defendant has acted unlawfully.” See Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Well-pleaded factual content is ac *845 cepted as true for purposes of determining whether the complaint states a plausible claim for relief. Id. at 1950. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to “[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.” Id. at 1949. “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Id.
We conclude that District Court properly dismissed the Plaintiffs’ procedural due process claims for the reasons stated in the District Court’s Opinion. Viewing the allegations as true, the factual matter falls far short of permitting us to infer a plausible connection among the private party defendants and a governmental agency or official such that them private actions would constitute “state action.” See Lugar v. Edmondson Oil Co., 457 U.S. 922, 939, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir.1995) (“A private action is not converted into one under color of state law merely by some tenuous connection to state action”). In addition, the single-sentence conclusory allegations of a conspiracy contained in the Amended Complaint are insufficient to allege a plausible conspiracy among the defendants to deprive the Plaintiffs of their constitutional rights under § 1983. See Iqbal, 129 S.Ct. at 1949; see also Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir.1993) (holding that establishing the existence of an ‘understanding’ among private parties and state actors for § 1983 conspiracy purposes is really nothing more than another way to show state action by alleging a private party’s connection to a state actor).
We agree with the District Court’s conclusion that the Plaintiffs’ takings claims are not ripe for review under Williamson County, as they have not availed themselves of their remedies under New Jersey law.[3] Relying on County Concrete Corp. v. Township of Roxbury, 442 F.3d 159 (3d Cir.2006), the Plaintiffs argue that their challenge to the “direct conduct” of the Ocean County and Barnegat Township defendants in taking their property without instituting an eminent domain proceeding, is the kind of “facial” takings claim that is not subject to Williamson County. *846 (Plaintiffs Brief at 3 & 6). The Plaintiffs’ reliance on County Concrete is misplaced. The landowner in County Concrete raised a takings claim that attacked a zoning ordinance on its face as violating the landowner’s right of just compensation under the Takings Clause. County Concrete, 442 F.3d at 168. Here, the plaintiffs’ inverse condemnation claim seeks just compensation, not the invalidation of an ordinance or statute on its face.
Relying on Blanche Road Corp. v. Bensalem Turp., 57 F.3d 253 (3d Cir.1995), the Plaintiffs next argue that their claims against Barnegat Township and Ocean County are substantive due process claims to which the rule in Williamson County does not apply. The Plaintiffs are mistaken. In Blanche Road, the plaintiff landowner’s substantive due process claim, alleging a harassment campaign waged by Township employees against the plaintiff landowner, constituted an actionable § 1983 claim based on the landowner’s right to be free from harassment in its land development efforts. Id. at 268. The substantive due process claim was unrelated to Bensalem Township’s decision regarding Blanche Road’s land-use permit application. Id. Here, there is no actionable substantive due process claim unrelated to the Defendants’ conduct in taking the Plaintiffs’ property without resort to the Eminent Domain Act. Whether the claims are characterized as substantive due process claims or as a takings claims, the result is the same. The claims are not ripe for review until the Plaintiffs avail themselves of their just compensation remedies in state court.
We have thoroughly reviewed the remainder of the Plaintiffs’ claims on appeal and conclude that they are meritless. Because there was no justiciable federal question, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over the Plaintiffs’ state law claims. See 28 U.S.C. § 1367(c). As for the Plaintiffs’ motion to file a second amended complaint, which we understand to have been overlooked or denied implicitly, we conclude that it would be futile to remand the matter for the District Court’s consideration, as nothing in the proposed second amended complaint cures the defects in the Amended Complaint. See Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir.2002). The Plaintiffs judicial bias claim also lacks merit. The Magistrate Judge’s adverse rulings do not form an adequate basis for recusal. See SecuraComm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000). Moreover, we find nothing in the record that suggests “a deep-seated favoritism or antagonism” by the District Court that would preclude fair judgment. Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).
Accordingly, we will affirm the judgment of the District Court.

. Defendants Kelleher, Hess, Rahn, DeMeil-ler, and Gioia, former employees of Barnegat Township, are not parties because they were not served; defendant Darlene Deetz was dismissed from the case by stipulation of the parties. (See D. Ct. Op. at 2 n. 3 & 4). On December 24, 2008, we dismissed the appeal as to Ocean County Board of Health pursuant to the stipulation of the parties.

. Bamegat Township and Ocean County argue that the Plaintiffs failed to present a federal question on the face of their Amended Complaint. We disagree. The Plaintiffs’ Fifth Amendment takings claims present a federal question. The immediate federal issue is whether the constitutional claims are justiciable or ripe for a federal court’s consideration of the federal question. See County Concrete Corp. v. Township of Roxbwy, 442 F.3d at 164 ("The ripeness doctrine serves to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.” (internal quotations and citations omitted)). Here, the District Court disposed of the claims on ripeness grounds.

. Strictly speaking, the Plaintiffs' takings claims are in the nature of "inverse condemnation” because they allege a taking of their property without resort to the eminent domain process and without just compensation, in violation of the Takings Clause. " '[fin-verse condemnation' is essentially 'a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted.' " Peduto v. City of North Wildwood, 878 F.2d 725, 728 n. 4 (3d Cir.1989) (quoting United States v. Clarke, 445 U.S. 253, 257, 100 S.Ct. 1127, 63 L.Ed.2d 373 (1980)). It is “a remedy designed to protect the landowner whose property has been taken de facto by insuring that he is paid reasonable compensation for it.” Matter of Jersey Central Power & Light Co., 166 N.J.Super. 540, 544, 400 A.2d 128 (N. J.Super. 1979).
The Plaintiffs' inverse condemnation claims are the kind that are subject to the ripeness requirements under Williamson County. See Peduto, 878 F.2d at 728 (“Under Williamson, appellants must still obtain a judgment on their inverse condemnation claim in state court before their federal claims ripen”). Under New Jersey law, aggrieved property owners like the Plaintiffs may initiate an action for inverse condemnation by requesting a writ of mandamus from the Law Division of the Superior Court compelling the governmental entity to initiate condemnation proceedings. Id. The Plaintiffs admit that they have not pursued an action for just compensation pursuant to New Jersey law. (Plaintiffs’ Brief, at 7). Hence, their claims are not ripe for review.